(*a*) Neither of the two letters relied upon by the defendant as constituting the notice referred to in this section of the code complies with the mandatory requirement that the county of the principal's residence shall be stated. Furthermore, one of the letters was mailed to the plaintiff before the maturity of the debt, and contained merely the expression of a desire on the part of the indorser that the plaintiff would collect the obligation when it became due, and the other letter suggested the advisability of bringing suit and expressed a doubt whether the plaintiff could make the money later if suit should be delayed, but gave no notice to the creditor "to proceed to collect the same out of the principal." The court therefore did not err in excluding these letters.

2. There was no pleading to authorize the parol testimony, repelled by the court, to the effect that the indorser "made an oral demand on the officers of the Morris Fertilizer Company to sue on this particular note while the principal was solvent, and that demand was followed by a promise on the part of the plaintiff to do so and it failed to do so."

3. It does not appear that the indorser parted with the means of protecting himself in consequence of any assurances made to him by the creditor (*Matthews* v. *Everett*, 84 *Ga.* 476, 11 S. E. 135; *Bullard* v. *Ledbetter*, 59 *Ga.* 109), and the record discloses nothing that would amount to an estoppel as against the plaintiff or would relieve the indorser from the necessity of complying with the strict provisions of section 3546, supra. Besides, the parol testimony repelled by the court would not have shown when the alleged oral notice to sue was given by the indorser,—whether before or after maturity of the debt,—or precisely to whom such notice was given. The court therefore did not err in excluding this testimony.

4. The court did not err in directing the verdict for the plaintiff.

*Judgment affirmed.*

DECIDED JUNE 1, 1916.

Complaint; from city court of Hall county—Judge Wheeler. May 19, 1915.

*W. M. Johnson,* for plaintiff in error.   *L. G. Fortson,* contra.

---

6736.   McDONALD *v.* EATON.

RUSSELL, C. J. The assignments of error in the petition for certiorari were not sufficiently definite to present any specific point for review, and, being too general to specifically draw the attention of the court to the precise point, in such a manner as to enable the reviewing court to determine the nature of the ruling in the lower court, a motion to dismiss the certiorari was properly sustained. *Judgment affirmed.*

DECIDED JUNE 1, 1916.

Certiorari; from Terrell superior court—Judge Worrill. May 26, 1915.

*R. R. Jones,* for plaintiff in error.

*L. C. Hoyl, W. H. Gurr,* contra.

---

### 6768.　JACKSON *v.* HOGAN.

1. The judge of the superior court did not err in sustaining the certiorari and in entering a final judgment, the effect of which was to annul the judgment of the municipal court of Atlanta which denied and overruled an affidavit of illegality, interposed by a surety on a bond given to dissolve the garnishment, in which the garnishee had answered that the sum he was due to the defendant in garnishment was for wages.

2. An answer in which the garnishee sets up that the sum due by him to the defendant is for wages exempt from garnishment need not be traversed, if the defendant gives a dissolution bond; for the giving of such a bond changes the parties, by shifting the issue from one between the plaintiff and the garnishee to an issue between the plaintiff and the defendant. If, upon the filing of the bond, the garnishee pays the money which has been arrested by the process of garnishment, he is discharged, but inasmuch as upon an issue which may be adjudicated between the plaintiff and the defendant, touching the fund which was garnished and was thereafter released by the giving of a bond, the plaintiff, if he prevails, may forthwith enter judgment against the sureties upon the dissolution bond, such sureties, not having been parties in the previous litigation, may file an affidavit of illegality setting up either that the fund was not subject to garnishment, or any other defect by reason of which they are relieved from the obligation of the bond. Were this not so, the surety upon a bond given to dissolve a garnishment, against whom a judgment is entered, would not have had his day in court.

Decided June 1, 1916.

Certiorari; from Fulton superior court—Judge Pendleton. May 22, 1915.

*Gober & Jackson,* for plaintiff.　*S. C. Crane,* for defendant.

Russell, C. J. Jackson obtained a judgment against Foster and garnished the Georgia Railway & Power Company. The garnishee answered, admitting that it owed a stated amount to the defendant, but alleging that the money due to the defendant was earned by him as a daily, weekly, and monthly laborer, and was exempt from process of garnishment. Foster gave a bond to dissolve the garnishment, with Hogan as his security. Thereafter, on motion of the plaintiff, the justice of the peace before whom the